FILED
2018 Aug-29 AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ADAM SCOTT,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:18-cv-01136-RDP |
| } | |
| **BAYVIEW LOAN SERVICING, LLC,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This matter is before the court on (1) Defendant's Motion to Dismiss (Doc. # 3), (2) Defendant's Motion to Set Aside (Doc. # 6), (3) Plaintiff's Motion to Amend Complaint (Doc. # 10), and (4) Plaintiff's Conditional Motion to Remand (Doc. # 11).

On June 27, 2018, Plaintiff filed a Complaint for Declaratory Judgment to Quiet Title and Damages in the Circuit Court of Shelby County, Alabama. (Doc. # 1-1). Plaintiff's Complaint seeks a declaration that Defendant has no legal interest in the subject property, and seeks damages for negligence and wantonness. Additionally, Plaintiff sought redress for violation of the Fair Credit Reporting Act ("FRCA") and the Fair Debt Collection Practices Act ("FDCPA"). (Doc. # 1-1).

On July 23, 2018, Defendant removed the case based on federal question jurisdiction. (Doc. # 1). The next day, on July 24, 2018, Defendant moved to dismiss Plaintiff's state law claims and his FCRA claim. Defendant did not move to dismiss Plaintiff's claim under the FDCPA. (Doc. # 3). Defendant also filed a Motion to Set Aside the state court's order staying Defendant's foreclosure sale. (Doc. # 6).

On August 10, 2018, Plaintiff filed a motion seeking to amend the Complaint to dismiss his FCRA and FDCPA claims, his only federal claims. (Doc. # 10). Also on August 10, 2018, Plaintiff filed a Conditional Motion to Remand, asking the court (if it were to grant his Motion to Amend), to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (Doc. # 11).

A party's request to amend pleadings is governed by Federal Rules of Civil Procedure 15. The rule provides that a party may amend its pleading once as a matter of course if it does so within twenty-one days of serving it or within twenty-one days after being served with a response to the pleading. Fed. R. Civ. P. 15(a)(1). Defendant's Motion to Dismiss was filed on July 24, 2018. Plaintiff's Motion to Amend was filed seventeen says later, on August 10, 2018. It does not appear that Plaintiff had already amended his Complaint at the time the Motion to Dismiss was filed. Therefore, Plaintiff was entitled to amend the Complaint as a matter of course. But, even if Plaintiff had already amended his Complaint, Rule 15(a) requires that leave to amend pleadings "shall be freely given when justice so requires." "[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) Therefore, Plaintiff's Motion to Amend Complaint (Doc. # 10) is due to be granted.

In light of the amendment to the Complaint, Defendant's Motion to Dismiss (Doc. # 3) is moot in part and due to be denied without prejudice in part. It is moot to the extent that Plaintiff has voluntarily dismissed his FCRA claim (as well as his FDCPA claim, which Defendant did not seek to dismiss). It is due to be denied without prejudice as to Plaintiff's state law claims.

With respect to Plaintiff's Motion to Remand, "[c]omity weighs in favor of remand in this

case because it [now] concerns only state [law] issues." *Shelley v. City of Headland*, 2009 WL 2171898, at *2 (M.D. Ala. July 21, 2009). Moreover, "[r]emand also does not undermine the interest of judicial economy" because this case is still in its infancy. *Shelley*, 2009 WL 2171898, at *2. When federal law claims have been dismissed prior to trial, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam)). Our circuit court has also cautioned that, under circumstances like these, "federal court should decline the exercise of jurisdiction" over remaining state law claims. *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir.1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). Therefore, Plaintiff's Conditional Motion to Remand (Doc. # 11) is due to be granted.

Finally, in light of the disposition of the other Motions, Defendant's Motion to Set Aside (Doc. # 6) is due to be denied without prejudice. After remand, Defendant may seek reconsideration of the state court's order which it asked this court to set aside, or it may seek other relief in the Alabama courts.

An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this August 29, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE